LEHAN, Judge.
A real estate broker appeals from the trial court’s rulings concerning two counts of the broker’s complaint against appellees. As to the first count, the broker appeals from the ruling that the broker was not entitled to a commission from appellees for producing a purchaser for appellees’ mobile home park. The second count concerned the broker’s claim against appellees for the balance of the purchase price allegedly owed by appellees for the sale by the broker to appellees of an option to purchase another mobile home park. As to the second count, the trial court entered judgment in favor of the broker for that balance but awarded prejudgment interest only from the date the suit was filed and awarded the broker no costs. It is from the failure to award prejudgment interest running from an earlier date and the failure to award costs that the broker appeals regarding the second count. The appellees cross appeal with regard to that second count and contend that the trial court erred in awarding judgment to the broker for that balance.
We reverse as to the first count, affirm in part and reverse in part as to the second count, and affirm as to the cross appeal.
As to the first count, the appellees and a purchaser procured by the broker entered into a written contract for the sale of the mobile home park. The terms of the sale included a $100,000 cash down payment and a $475,000 “wrap-around” mortgage. There were two existing mortgages on the property. Not long before the scheduled closing, the appellees said that they discovered that one of the existing mortgages had a due-on-sale clause which meant that they would have to pay off that mortgage when they sold the property and would not be able to wrap the new mortgage around that existing mortgage. The appellees then told the purchaser that they would need a larger cash down payment, but the purchaser refused to agree to the new terms, and the sale never closed.
Even in the absence of a sales contract, if a real estate broker procures a buyer who is ready, willing and able to buy the property on the terms fixed by the seller, the broker is entitled to a commission if the seller refuses to close the sale through no fault of the broker or buyer. See Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (1945). In this case, the trial court found that the broker was owed no commission because the seller was not able to buy the property on the contract terms due to the due-on-sale clause which would prevent the wrap-around mortgage. We need not address the broker’s contention that there was not sufficient evidence of the existence of a due-on-sale clause in one of the mortgages. Even if there was, the broker’s contention that there was no proof that the due-on-sale clause prevented the wrap-around mortgage seems well taken because the mortgagee need not have enforced such a clause and there was no evidence in that regard.
Accordingly, the record indicates that Minton is entitled to the broker’s commission which he earned when he produced a buyer who was ready, willing and able to purchase the property on the appellees’ terms and who signed a sales contract with the appellees, regardless of the fact that the deal never closed. See Mid-Florida Realty Associates, Inc. v. Truesdell, 454 So.2d 747 (Fla. 5th DCA 1984); Abel v. First Federal Savings & Loan Association, 199 So.2d 295 (Fla. 2d DCA 1967).
As to the balance due on the sale of the option to the appellees, which is the subject of Minton’s second count and of the cross appeal, we affirm the trial court’s finding that Minton was entitled to payment. Although there was conflicting testimony concerning the terms of the parties’ oral agreement, there was sufficient evidence to support that finding.
The appellees contend that since the parties’ agreement was oral, the statute of frauds prevented the broker’s recovery of the unpaid portion of the purchase price. However, the broker had fully performed his part of the oral agreement by transferring the option to appellees. See W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323, 1327 (Fla. 1st DCA 1980) (“When an *478 oral contract has been fully performed by one party, the statute of frauds may not be employed as a defense, even though the subject matter of the contract is the conveyance of an interest in land.”).
The broker contends that the trial court erred in awarding him prejudgment interest on the balance of the option purchase price only from the date this lawsuit was filed. There was evidence that it was agreed that the time of payment of that balance would be the closing of the sale of the mobile home park which was the subject of the above-discussed disagreement over the broker’s commission. At the time of that agreement no closing had been scheduled. The broker contends that he should receive interest from that closing since the appellees were responsible for the failure to close. Under the circumstances of this case we do not find that the trial court abused his discretion in the award of prejudgment interest. Although the amount in dispute was a sum certain, which may entitle a plaintiff to prejudgment interest from the date of his loss, see Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), in this case we cannot find that there was no basis for a conclusion that there was, in the words of Argonaut, no “date certain” from which to begin computing the interest. 474 So.2d at 215. The closing was scheduled, but whether the closing would have occurred then even if appellees had gone through with the deal is not shown. The sale never transpired. The record does not reveal the date of a demand by the broker for payment before suit was filed. It appears that the trial court computed interest from the date demand was made by the filing of the lawsuit.
The broker also contends that the judgment in his favor on the unpaid option purchase price should have included his litigation costs pursuant to section 57.041, Florida Statutes (1985). We agree. See Warren Hunnicutt, Jr., Inc. v. Gleason, 462 So.2d 878, 880 (Fla. 2d DCA 1985).
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and SANDERLIN, J., concur.