525 So.2d 942 (1988)
CARIBANK, a Florida Banking Corporation, Appellant,
v.
Stuart FRANKEL and Maxine Frankel, Appellees.
No. 87-1385.
District Court of Appeal of Florida, Fourth District.
May 11, 1988.
Rehearing Denied June 24, 1988.
*943 Dixon Thomas, Vero Beach (withdrawn after filing brief), and Terry E. Resk of Ackerman, Bakst, Gundlach, Lauer & Swickel, P.A., West Palm Beach, for appellant.
Patti A. Velasquez of Honigman Miller Schwartz and Cohn, West Palm Beach, for appellees.
PER CURIAM.
This is an appeal from a summary final judgment of foreclosure. We approve and adopt same, except for the mathematical determination of prejudgment interest. Accordingly, we affirm but remand for redetermination of prejudgment interest in accordance herewith. Paragraphs three through six of the summary final judgment provide:
3. On or about March 18, 1986, Three "D" Development of Boca Woods, Inc., Dominic Sarlo and Janet Sarlo, filed a Suggestion of Bankruptcy. On or about May 19, 1986, the United States Bankruptcy Court entered an Order directing that this foreclosure action filed by Caribank against Three "D" Development of Boca Woods, Inc. may go forward and the automatic stay was lifted. Subsequently, the Bankruptcy Court entered an Order providing for the Trustee in Bankruptcy to sell the property which is the subject of this action and on or about August 8, 1986, the Bankruptcy Trustee executed a Deed in favor of Fred W. Thomas, Trustee, to the subject property. Said Deed was recorded on August 22, 1986 in Book 4981, Page 1159 of the Public Records of Palm Beach County. Said Deed was recorded subsequent to the recording of Lis Pendenses of Caribank and the Frankels on January 10, 1986 and June 9, 1986, respectively.
4. Initially, the Frankels entered into a contract with Three "D" Development of Boca Woods, Inc. on July 16, 1984 for the acquisition and a construction of a home to be built by Three "D" for the Frankels on the subject property. The Frankels paid Three "D" a $60,000 deposit. Subsequently, on October 16, 1984, Three "D" Development of Boca Woods, Inc. obtained title to the subject property. On that same date, Three "D" gave a Purchase Money First Mortgage to Caribank. On October 18, 1984, Three "D" Development of Boca Woods, Inc. recorded its Deed prior to Caribank recording its mortgage on the subject property. At all times prior to loaning money to Three "D" and receiving and recording its mortgage from Three "D" on the subject property, Caribank had actual and constructive knowledge of Three "D" Development of Boca Woods, Inc.'s contract with the Frankels and of the fact that the Frankels had paid a $60,000 deposit for the purchase and construction of their home by Three "D" Development of Boca Woods, Inc. Consequently, Caribank *944 was not a bona fide purchaser for value and took and recorded its mortgage with knowledge of and subject to the claims of the Frankels in and to the subject property. The Frankels obtained an equitable lien on the subject property upon the execution of their contract with and payment of the deposit to Three "D" Development of Boca Woods, Inc. immediately upon the acquisition by Three "D" Development of Boca Woods, Inc. of title to the subject property. The equitable lien of the Frankels attached to the subject property prior to the time Caribank's mortgage attached to the subject property.
5. Caribank is the owner and holder of the Note and Mortgage described in Caribank's Complaint herein, and all indebtedness evidenced and secured thereby is due and owing to Caribank by virtue of the fact that the Defendant, Three "D" Development of Boca Woods, Inc., has defaulted pursuant to the terms thereof in that the payment due March 16, 1985 and all subsequent payments as they became due, and interest from February 16, 1985 to the date hereof have not been paid.
6. Three "D" never built the home for the Frankels and did not return their deposit. There are presently due and owing to the Frankels the following sums of money:

a. Contract deposit  $60,000.00
b. Accrued interest at the rate of 12 percent per annum
 from July 16, 1984 through April 16, 1986 $19,804.93
 (Plus per diem from April 16, 1987 forward: $19.73)
c. Sheriff's Fee $ 24.00
d. Title Search/Abstract $ 58.50
e. Deposition transcripts:
 Original and One of Leland D. O'Connell deposition;
 Exhibits $ 476.05
 Attendance of Reporter at O'Connell deposition $ 80.00
 Original and one of Dominic Sarlo deposition,
 Exhibits and Attendance of Court Reporter $ 281.75
 ___________
 $80,725.23

together with such further costs, expenses and advances as may be expended by the Frankels in the prosecution of this action, including the Clerk's sale fee and the cost of publishing the Notice of Sale, plus interest at 12 percent per annum from the date of this Judgment until paid.
Paragraph seven recites there is due and owing Caribank upon the note and mortgage, together with expenses, the sum of $311,796.05.
Paragraph eight provides:
The equitable lien of the Frankels is superior to the mortgage lien of Caribank. The Frankels and Caribank each have liens to secure the payment of the above itemized sums against the following described property in Palm Beach County, Florida, to wit:
Lot 17, Block 9, of Boca Woods Country Club, Phase 3A, according to the Plat thereof as recorded in Plat Book 44, at Page 62, Public Records of Palm Beach County, Florida
The Frankels' equitable lien and Caribank's mortgage lien, respectively, are prior, paramount and superior to all rights, claims, liens, interest, encumbrances and equities of the Defendants, Three "D" Development of Boca Woods, Inc., State of Florida, C. Randal Morcroft, Associates Electric, Inc., Wulf Cabinet Works, Inc., and Gazebo Landscape Designs, Inc. The property will be sold free and clear of any claims of all Defendants, and any and all persons, firms, or corporations claiming by, through, or under them and any others since the filing of the Lis Pendenses herein.
As pointed out by appellees, Florida is a "notice" state and the priority of liens on real property is governed by section 695.01, Florida Statutes, which deals with the recordation of conveyances and mortgages. That section provides in part that
No conveyance, transfer, or mortgage of real property, or of any interest therein ... shall be good and effectual in law *945 or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law... .
(emphasis added). The parties concede that appellant knew about the contract between the Frankels and Three "D" when it approved Three "D"'s loan request and when it took a mortgage as against the property. It has been stated that "[w]here a person has actual knowledge of a prior unrecorded conveyance or mortgage his knowledge is equivalent to the recording of the instrument." 44 Fla.Jur.2d Real Property Sales and Exchanges § 263 (1984).
The trial court properly awarded appellees prejudgment interest but erroneously awarded it from the date of contract. There being no pre-suit demand date in the record, the proper date was the date appellees filed their lawsuit against Three "D" Development of Boca Woods, Inc. See Manning v. Clark, 89 So.2d 339, 341 (Fla. 1956) (interest on liquidated damages claim calculated form date claim became due and was demanded, or suit was commenced therefor).
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.