629 So.2d 151 (1993)
PINE RIDGE AT HAVERHILL CONDOMINIUM ASSOCIATION, INC., a Florida not for profit corporation, Appellant,
v.
HOVNANIAN OF PALM BEACH II, INC., a Florida corporation, Appellee.
No. 92-0781.
District Court of Appeal of Florida, Fourth District.
June 16, 1993.
Rehearing and Clarification Denied December 14, 1993.
Kenneth A. Marra of Nason, Gildan, Yeager, Gerson & White, P.A., West Palm Beach, for appellant.
James R. Merola of Merola & Cox, Palm Beach Gardens, for appellee.
PER CURIAM.
We affirm the final judgment on appeal except as to the determination of prejudgment interest and attorney's fees.
After verdict appellant moved to assess prejudgment interest which was denied because the jury's damage verdict did not specifically fix a date of loss. We disagree. The jury verdict awarded damages for construction defects in the appellant's condominium complex, including failure to install adequate lighting and failure to properly install windows resulting in water intrusion. The jury finding in this regard had the effect of fixing the damages at no later than the turnover date of the condominium property to the association which was in January 1985. Therefore, prejudgment interest should have been awarded on those claims from that date. See Bergen Brunswig Corp. v. Department of Health and Rehabilitative Serv., 415 So.2d 765 (Fla. 1st DCA 1982), approved in Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).
Because we reverse for an award of prejudgment interest, we also reverse the award to appellee of attorney's fees pursuant to an offer of judgment. It appears to us that *152 after the calculation of prejudgment interest, the amount recovered will not be over 25% less than the offer. Therefore the trial court's award on the basis of appellant's rejection of the offer would be in error.
Reversed and remanded for further proceedings.
ANSTEAD and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.