ANTOON, Judge.
The trial court entered final judgment in favor of appellee, Control-O-Fax Corporation, because appellant, Thomas Vellef, M.D., failed to pay two promissory notes. The judgment included an award of prejudgment interest and attorney’s fees. There is no contractual or statutory basis to justify these two awards, therefore we must reverse.
With regard to the assessment of prejudgment interest, Control-O-Fax concedes that the trial court’s award of prejudgment interest was improper because Control-O-Fax failed to introduce any evidence concerning the date upon which the first demand for payment was made. As a result, Control-O-Fax is only entitled to recover prejudgment interest starting from March 17, 1995, the date the lawsuit seeking payment on the notes was filed. See Minton v. Spivey, 505 So.2d 476 (Fla. 2d DCA), rev. denied, 513 So.2d 1063 (Fla.1987).
As for the issue of attorney’s fees, the promissory notes were executed by Dr. Vel-lef personally. The evidence presented at trial supports the trial court’s ruling that Dr. Vellef failed to pay Control-O-Fax as required by the terms of the notes. However, the notes did not contain a provision concerning the payment of attorney’s fees. Thus, the award of fees in Control-O-Fax’s favor cannot be supported under the terms of the notes.
Prior to trial on the promissory notes, Dr. Vellef, on behalf of his corporation, Your Family Care Center, filed a counterclaim against Control-O-Fax for breach of a contract to lease and install computer software. After raising procedural objections, both parties agreed to proceed to trial on both Control-O-Fax’s claim on the promissory note and Your Family Care Center’s claim of breach of the computer contract. The computer contract included the following attorney’s fee provision:
[I]n the event an attorney is retained to enforce this agreement, or any of its provisions, the breaching party agrees to pay the prevailing party all actual attorneys’ fees incurred, whether or not suit is actually brought and/or arbitration is demanded or had. (Emphasis added).
Control-O-Fax sued Dr. Vellef on the promissory notes but never asserted a claim that Your Family Care Center or Dr. Vellef breached the computer contract. Therefore, fees were not recoverable by Control-O-Fax under the terms of the computer contract.
The award of attorneys’ fees is reversed. The award of prejudgment interest is vacated, and this matter remanded to the trial court for recalculation of interest. With regard to the other claims of trial error, finding no error, we affirm.
AFFIRMED in part; VACATED in part; REMANDED.
PETERSON, C.J., and HARRIS, J., concur.