866 So.2d 148 (2004)
ATLANTA JET, a Georgia corporation, Appellant,
v.
LIBERTY AIRCRAFT SERVICES, LLC, a Delaware Limited Liability Company, Appellee.
No. 4D03-656.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
*149 John C. Dabney, Jr., of Johnson & Ward, Atlanta, Georgia, and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, for appellant.
Robert A. Sweetapple and Alexander D. Varkas, Jr., of Sweetapple, Broeker, Varkas & Feltman, Boca Raton, for appellee.
POLEN, J.
Appellant, Atlanta Jet (Seller), has timely appealed a final judgment in favor of Appellee, Liberty Aircraft (Purchaser), on cross-motions for summary judgment. For the reasons that follow, we hereby reverse the final judgment of the trial court and remand with instructions to enter summary judgment in favor of Atlanta Jet, on all counts.
The parties entered into a contract for the sale of a 1978 King Air 200 aircraft for the sum of $1,695,000. The Contract called for a $50,000 cash deposit to be placed in escrow. It provided that upon the Purchaser's acceptance, after a visual inspection and log book review, "the deposit shall be considered non-refundable and shall be released to the Seller." The closing date was to be on or before April 15, 1999. The Contract contained no "time is of the essence" clause, nor was there any provision for damages or consequences in the event of a delay in delivery of the aircraft. The Contract also contained a liquidated damages clause, providing that the $50,000 deposit was to be retained as liquidated damages and not as a penalty, in the event that the Purchaser failed to accept delivery within seven days of notice that the aircraft was ready for delivery.
The parties entered into an addendum on April 5, 1999 which stated:
Purchaser and Seller mutually agree as follows: Purchaser (Liberty Aircraft *150 Services, LLC) has completed its visual inspection and log book review of the aforementioned King Air 200, serial number BB-396, and has accepted the plane on an "as is" basis.... Upon acceptance of this Addendum the deposit shall be considered nonrefundable and shall be released to Seller (Atlanta Jet, Inc.). Closing shall occur on or before April 15, 1999.
The deposit was thereafter released.
The aircraft was not ready for the April 15, 1999 closing date. On April 19, 1999, the Seller wrote the Purchaser asking for a new addendum extending the closing date to April 27, 1999. The Purchaser never agreed to this proposed addendum. Nevertheless, the aircraft was again not ready at the time of the Seller's proposed delayed closing date of April 27, 1999. When the aircraft was ready, the Purchaser was notified. On May 20, 1999, after the Purchaser failed to perform an acceptance flight, the Seller declared the Purchaser in default. The Purchaser then filed suit to have his $50,000 deposit returned. Cross-motions for summary judgment were heard and the trial court granted the Purchaser's motion stating that the Seller was "not entitled to retain the deposit and the aircraft while failing to perform its own obligation within a reasonable period of time." A motion for rehearing was denied and final judgment was entered on January 15, 2003.
The trial court found the Seller's delay to be a material breach of the Contract, warranting the Purchaser's unilateral termination of the contract and a return of the $50,000 non-refundable deposit. "The interpretation of a written contract is a question of law to be decided by the court. An appellate court is not bound to give the trial judge's interpretation or construction of a contract any weighted presumption of correctness." Gilman Yacht Sales, Inc. v. FMB Invs., Inc., 766 So.2d 294, 296 (Fla. 4th DCA 2000) (citations omitted). The appropriate standard of review is de novo. Id.
To constitute a vital or material breach, a defendant's nonperformance of a contract must be such as to go to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part but a defendant's failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach.
Beefy Trail, Inc. v. Beefy King Int'l., Inc., 267 So.2d 853, 857 (Fla. 4th DCA 1972). Before there can be a material breach, it is necessary to conclude that time was of the essence.
As a general rule, time is considered to be of the essence where an agreement specifies, or where such may be determined from the nature of the subject matter of the contract, or where treating time as non-essential would produce a hardship, or where notice has been given to the defaulting party requiring that the contract be performed within a stated time, which must be a reasonable time according to the circumstances.
Sublime, Inc. v. Boardman's Inc., 849 So.2d 470, 471 (Fla. 4th DCA 2003); see Blaustein v. Weiss, 409 So.2d 103, 105 (Fla. 4th DCA 1982).
At bar, it is undisputed that the Contract provided for a closing date on or before April 15, 1999, but the Contract did not specify that time was of the essence. Moreover, there were no penalties for delay nor is it apparent that the Purchaser suffered any undue hardship due to the delay. Finally, the Purchaser never gave express notice requesting the contract to be performed within a stated reasonable time. Therefore, we hold that time was *151 not of the essence. In doing so, we reject the Purchaser's argument that an additional scenario should be recognized as placing time of the essence, i.e., when the party who is in default gives notice that an extension of time is needed and makes a suggestion as to a reasonable time for completion of that party's obligation.
Consequently, we hold the Purchaser was not entitled to terminate the Contract. Moreover, because damages were not readily ascertainable at the time the Contract was drawn up, the Purchaser was not entitled to a return of its $50,000, which validly served as liquidated damages. See Hutchison v. Tompkins, 259 So.2d 129, 132 (Fla.1972). Accordingly, we hereby reverse and remand with instructions that summary judgment be entered in favor of the Seller, Atlanta Jet.
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ., concur.