SLOVITER, Circuit Judge,
dissenting.
I respectfully dissent, primarily because I view the relevant document in light of the history of the relationship between the parties.
The Sensormatic System, developed by the Appellant, is an automatic theft detection device in wide use throughout the country. James Winner, through his corporation W&B, purchased the franchise in 1977 for $66,000, which it leased back to Sensormatic. Under the terms of the 1978 Franchise Lease Agreement, Sensormatic agreed to pay Winner an initial sum of $250,000, monthly payments for 20 years totaling $4,766,892.00 and a final payment of $1,000,000. Sensormatic fully performed. The twenty-year term on the lease was set to expire on December 1, 1998. As the majority opinion notes, the Franchise Lease Agreement stated that if Sensormatic chose to purchase the franchise at the end of the lease, it was required to send notice of its intent 90 days before the expiration of the lease. Unfortunately for it, it sent its notice 47 days before the end of the lease term. The late notice did not cause any prejudice, and there is no claim that it did. Nonetheless, the majority holds Sensormatic’s option to repurchase expired solely because of the 47-day late notice.
In my interpretation of the documents, I view the Franchise Lease Agreement, irrespective of its title, to be a contract with an option to purchase. Under Florida law, if the Franchise Lease Agreement was a sales contract for the repurchase of the franchise, then Sensormatic would have the defenses of substantial performance and non-material breach. See Pullam v. Hercules, Inc., 711 So.2d 72 (Fla.Dist.Ct. App.1998) (discussing the defense of substantial performance), Atlanta Jet v. Liberty Aircraft Servs., LLC, 866 So.2d 148 (Fla.Dist.Ct.App.2004) (discussing non-material breach). There is no point to a lengthy discussion in this regard. The majority views the transaction differently than I do, and accordingly I dissent.