972 So.2d 1007 (2008)
BERLONI S.P.A., Appellant,
v.
DELLA CASA, LLC, Appellee.
No. 4D06-3862.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
*1008 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, and Joanne Fanizza of Law Offices of Joanne Fanizza, P.A., Fort Lauderdale, for appellant.
*1009 Joseph L. Rebak and Maria N. Vernace of Tew Cardenas LLP, Miami, for appellee.
WARNER, J.
In a breach of contract action for goods sold, the trial court reduced an award to the appellant for what the appellee claimed were amounts covered by partial releases. The court also refused to award prejudgment interest to the appellant. We hold that the trial court erred in reducing the award and in not awarding prejudgment interest from the date of the filing of, the complaint.
Berloni S.p.A., an Italian corporation, and Della Casa, LLC, a Florida company, entered into an agreement whereby Berloni agreed to supply the kitchens and bathrooms to Della Casa for a condominium project known as the Continuum. Although the agreement required payment within sixty days of the product's arrival in Miami, in any event payment was due within 120 days of the issuance of the bill of lading. Berloni provided kitchens for other projects of Della Casa, but no other written agreements were signed with respect to other projects.
In August and December 2002 Berloni executed final releases for two projects, the Continuum and Gables Club projects. It also executed partial releases in January 2003 to obtain payment of some amounts owed on other projects, including Murano Grande.
The parties' relationship soured. Della Casa did not make payments to Berloni, and it claimed overpricing and defective workmanship. Berloni filed suit against Della Casa in July 2003, alleging that it had failed to pay for the kitchens. Della Casa answered and raised payment and release as an affirmative defense, attaching the releases. The case was tried before a jury, and the issue of the validity of the releases was submitted to the jury, although a motion for directed verdict was reserved by the, trial court.[1] The jury awarded damages to Berloni for unpaid amounts in connection with projects including Murano Grande but awarded no damages for the Continuum and Gables Club projects. The verdict totaled $2,142,075.63, which included $975,590.83 for the Murano Grande claim.
Della Casa moved for a new trial on several grounds, including that the jury awarded damages for Murano Grande for amounts covered by the partial releases. Its attorney maintained that "the jury just blew it on this." He claimed that the express provision of the partial releases provided for the release of all work done prior to their execution. Berloni argued that the jury had considered the releases, noting that the court had instructed the jury to give effect to the releases and that the jury had not awarded Berloni all that was requested on the Murano claim. The trial court granted Della Casa's motion to that extent and reduced the Murano Grande award by $891,266.12, which constituted work Berloni performed prior to the execution of the partial releases.
Berloni moved for an award of prejudgment interest. The trial court denied the award, because the issue had not been submitted to the jury and the amount was hotly disputed. Berloni appeals the resulting final judgment, arguing both the reduction of the Murano Grande claim and the failure to award prejudgment interest.
*1010 I. Reduction of Verdict Because of Release
The trial court's interpretation of a contract is a matter of law subject to a de novo standard of review. Gossett & Gossett, P.A. v. Mervolion, 941 So.2d 1207, 1210 (Fla. 4th DCA 2006); Atlanta Jet v. Liberty Aircraft Servs., LLC, 866 So.2d 148, 150 (Fla. 4th DCA 2004). However, "[w]here there are two reasonable interpretations of an agreement, the question is one for the trier of fact." McDonald v. McDonald, 731 So.2d 132, 133 (Fla. 4th DCA 1999). See also AT & T Wireless Servs. of Fla., Inc. v. WCI Cmtys., Inc., 932 So.2d 251, 255 (Fla. 4th DCA 2005).
The language of an agreement is to be construed most strongly against its drafter. Fla. State Tpk. Auth. v. Indus. Constr. Co., 133 So.2d 115, 117 (Fla. 2d DCA 1961). Della Casa drafted the partial releases, and they contained the following language:
For and in consideration of the payment of $ [amount filed in] . . . the sufficiency of which is hereby acknowledge[d], the Undersigned does hereby waive, release and relinquish [any] and all rights, claims, demands, liens, claims, for relief, causes of action and the like, whether arising at law, under a contract, in tort, in equity or otherwise, which the Undersigned has now or may have had arising out of the performance of work or the furnishing of materials by the undersigned for the above stated amount, pursuant to the contract with DELLA CASA, LLC in connection with the construction of The Murano Grande (the "Project").
(emphasis added). Berloni executed three partial releases on the Murano Grande project, each with the identical language. This language could mean either that claims with respect to all prior work are released, or that Berloni releases only claims with respect to work performed for the amount of payment and no more. Thus, given both possible interpretations, the issue was submitted to the trier of fact.
Although the releases were an affirmative defense, Della Casa did not move for a directed verdict at the close of its case on this ground and did not object to the jury instruction regarding the effect of the releases. In fact, in closing argument Della Casa did not even argue that the partial releases precluded payment for almost all of the Murano Grande payments. Its attorney only mentioned the final releases and suggested a zero verdict for the Continuum and Gables Club project. The jury complied.
The evidence presented by Berloni showed that the jury's award was slightly less that the difference between the amount Berloni billed on Murano Grande less the amount of payments made by Della Casa, for which partial releases were given. Even though the amounts do not completely align, the jury asked whether it could make individual adjustments in the amounts it found due. The court instructed that it could do so. In any event the jury awarded an amount less than Berloni claimed was due.[2] The jury thus gave Della Casa credit for payments actually made. It did not give credit for all work done prior to the partial release. This was a permissible interpretation of the meaning of the release, and at trial Della Casa did not argue otherwise.
Because the partial release issue was properly submitted to the jury, and there was competent substantial evidence supporting its verdict, the trial court erred in directing a verdict post-trial and reducing *1011 Berloni's recovery. On remand, the final judgment in the full amount of the damages awarded should be reinstated.
II. Failure to Award Prejudgment Interest
In its final judgment, the court denied Berloni's request for prejudgment interest because it failed to submit the issue of entitlement to prejudgment interest to the jury. Accordingly, the court found that it waived any claim it may have asserted to recover prejudgment interest. The court noted Berloni's reliance on Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), which holds that once a verdict has liquidated the damages as of a date certain, the computation of prejudgment interest is merely a ministerial act. Id. at 215. However, the court rejected Argonaut's applicability to the instant case, finding that the amount of damages was disputed and concluded that this meant the claim was one for unliquidated damages.
A trial court's decision concerning a plaintiff's entitlement to prejudgment interest is reviewed de novo. See Wyatt v. Milner Document Prods., Inc., 932 So.2d 487, 489 (Fla. 4th DCA 2006). We conclude that the court erred as a matter of law in refusing to award prejudgment interest from the date of the filing of the complaint.
In Argonaut the supreme court determined that prejudgment interest is simply an element of pecuniary damages. 474 So.2d at 214. Under this "loss theory" of damages, "neither the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest . . Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor." Id. at 215. The court further stated:
Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no "finding of fact" needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict.
. . . .
[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.
Id. A claim becomes liquidated and susceptible of bearing prejudgment interest when a jury verdict has the effect of fixing the amount of damages. Palm Beach County Sch. Bd. v. Montgomery, 641 So.2d 183, 184 (Fla. 4th DCA 1994). "[W]here a disputed contractual claim becomes liquidated by jury verdict as to the amounts recoverable, interest should be awarded from the date the payment was due." Celotex Corp. v. Buildex, Inc., 476 So.2d 294, 295 (Fla. 3d DCA 1985).
The trial court relied on Aetna Insurance Co. v. Settembrino, 369 So.2d 954, 955 (Fla. 3d DCA 1978),"to conclude that it had no authority to assess interest because the verdict failed to allow or indicate the desire to award interest. The supreme court in Argonaut, however, rejected the argument that a jury had to decide either entitlement to, or the amount of, prejudgment interest. We relied on Argonaut in rejecting this very argument in Pine Ridge at Haverhill Condominium Asa'n v. Hovnanian of Palm Beach II, Inc., 629 So.2d 151 (Fla. 4th DCA 1993), involving a claim for construction defects to an association's condominium complex. The trial court denied prejudgment interest because the jury's damage verdict did not specifically *1012 fix a date of the loss. We concluded that "[t]he jury finding . . . had the effect of fixing the damages at no later than the turnover date of the condominium property to the association," and awarded prejudgment interest from that date. Id. at 151.
As a second reason for denying prejudgment interest in this case, the trial court found that the parties disputed the amount of damages. Prejudgment interest cannot be denied simply because the amount of damages was disputed. In Florida Steel Corp. v. Adaptable Developments, Inc., 503 So.2d 1232, 1236 (Fla. 1986), the court rejected the contention that one is not liable for prejudgment interest where he has a "litigable position upon which to deny liability." "[N]either the merit of the defense nor the certainty of the amount of loss affects the award of prejudgment interest." Id. (quoting Argonaut, 474 So.2d at 215).
We have also held that "[p]rejudgment interest is due from the date the debt was due, even though there may exist a bona fide dispute as to how much is owed." Bellino v. W & W Lumber & Bldg. Supplies, Inc., 902 So.2d 829, 832 (Fla. 4th DCA 2005). Similarly, in Maryland Casualty Co. v. Florida Produce Distributors, Inc., 498 So.2d 1383, 1385 (Fla. 5th DCA 1986), the court held that where "the breach of a contract to pay a sum of money is caused by good faith controversy as to the amount due under the terms of a contract, when a verdict liquidates the damages the plaintiff is entitled to prejudgment interest on the amount found to be due. . . ." As the jury determined the amount due to Berloni and resolved the dispute, prejudgment interest should have been awarded from the date the debt was due.
The due date, however, was disputed, and the court also determined that it could not determine the date of the loss. In its reply brief, as well as at oral argument, Berloni suggests that at the very latest, it was entitled to prejudgment interest from the date of the filing of the complaint, citing Caribank v. Frankel, 525 So.2d 942 (Fla. 4th DCA 1988), disapproved on other grounds, BancFlorida v. Hayward, 689 So.2d 1052, 1054 (Fla.1997). In Caribank, the trial court awarded appellees prejudgment interest from the date of the contract. Because there was no pre-suit demand date in the record, this court found that the proper, date to award interest from was the date appellees filed their lawsuit, citing Manning v. Clark, 89 So.2d 339, 341 (Fla.1956) (interest on a liquidated damages claim was to be calculated from the date the claim became due and was demanded, or the date suit was commenced).
We accept Berloni's concession with respect to the due date and direct that prejudgment interest be calculated from the date of the filing of its lawsuit on July 7, 2003. The filing of the complaint unequivocally constituted a demand for payment.
We therefore reverse the final judgment with directions that the court on remand enter judgment for the entire verdict without the reduction made by the trial court as a result of the partial releases. The court shall include prejudgment interest on that amount from July 7, 2003, calculated at the statutory rate.
GROSS, J., and CHUMBLEY, DOUGLAS J., Associate Judge, concur.
NOTES
[1] Although Berloni does not argue it, Della Casa's attorney's argument at the motion for directed verdict after the close of Berloni's case indicates that a directed verdict was sought only as to the final releases for Continuum and Gables Club. It does not appear that the trial court actually ruled on the motion at that time. Clearly, after the close of the evidence, Della Casa asked for a directed verdict only on the final releases.
[2] The contracts provided for sums stated both in dollars and in euros. The use of both euros and dollars in testimony may have led to some jury confusion which contributed to the small discrepancy.