KHOUZAM, Judge.
Jack S. Carey and Gloria DuBois appeal a final order granting in part and denying in part Jacqueline Rocke’s objection to the petition for administration of the February 1994 will of Virginia Murphy. The trial court voided the residuary clause of the will based upon a finding that Mr. Carey (the decedent’s attorney) and Ms. DuBois (Mr. Carey’s legal assistant) failed to show that the residuary bequests to them were free from undue influence; declared that the residuary estate would pass by intestacy; and admitted the balance of the will to probate. Ms. Rocke, Mrs. Murphy’s cousin, cross-appeals contending that the trial court should have allowed the residuary estate to pass to her under the bequest in Mrs. Murphy’s February 1992 will so that the residuary estate would pass by testacy rather than intestacy. We affirm without discussion in all but one respect.
In its well-reasoned and lengthy order the trial court explained why the residuary clause of the February 1994 will had to be voided. The trial court then determined that the residuary estate would pass by intestacy rather than by testate succession under a residuary clause set forth in one of Mrs. Murphy’s many prior wills. We are unable to determine from the record whether the trial court considered the doctrine of dependent relative revocation in deciding that the residuary estate should pass by intestacy. See Wehrheim v. Golden Pond Assisted Living Facility, 905 So.2d 1002, 1007-10 (Fla. 5th DCA 2005) (discussing the doctrine of dependent relative revocation). Because we cannot make that determination based on the record before us and the decision as to whether the residuary clause in one of Mrs. Murphy’s prior wills is enforceable necessarily requires factual determinations in this case, we reverse this portion of the order and remand for further proceedings on this issue.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
FULMER and WALLACE, JJ„ Concur.