KAPLAN, MICHAEL G., Associate Judge.
The appellant, Reimbursement Recovery, Inc. (RRI), timely appeals an amended final judgment awarding the appellant money damages following a bench trial resolving a breach of contract action. The appellee, Indian River Memorial Hospital, Inc. (IRMH), cross-appeals the trial court’s award of prejudgment interest to RRI. Because the trial court’s factual findings were supported by competent, substantial evidence, we affirm the damages award. We further affirm the trial court’s award of prejudgment interest to RRI, as the payment of the interest upon submission of invoices was contemplated by the parties’ contract.
In 2001, IRMH was reimbursed by Medicare for hospital services based upon a favorable wage index established for the Fort Pierce area, but was about to lose the Fort Pierce area designation. If the designation was lost, IRMH would revert to either the least favorable rural classification or an intermediate Orlando classification. IRMH filed its annual application with the Medicare Geographic Classification Review Board but neglected to apply for re-classification of its wage index. Just before the application deadline, RRI approached IRMH informing them that if they did not act immediately they would revert back to the rural classification. Following execution of a letter agreement between the parties, RRI made a last minute application on behalf of IRMH to reinstate the more favorable Fort Pierce area wage index. That application was ultimately approved by the Medicare board resulting in payment to the hospital of several million dollars more than it would have received under rural classification, and about a million dollars more that it would have received had it been classified under a moderately favorable Orlando area designation. The court considered evidence on the issue of whether RRI’s 15% commission was payable upon the several million that were saved had IRMH reverted to the rural classification or the million IRMH saved over a scenario in which the existing application might have been amended to seek an Orlando wage index.
The factual issue in this case was whether RRI’s fifteen percent commission provided for in its contract with IRMH was properly determined by the trial court. Pursuant to the contract, the commission was to be calculated at “15% of the monies collected by [IRMH] resulting from [RRI’s] services related to this specific issue of geographic reclassification” by the Medicare Geographic Classification Review Board. At trial, RRI sought $1,325,412, plus prejudgment interest of $773,494.00. After consideration of all of the evidence produced at trial, the court concluded that RRI was only entitled to $239,912, which equaled 15% of the additional benefits obtained for IRMH as a result of the reclassification that it obtained through the assistance of RRI. The trial court went on to award prejudgment interest to RRI pursuant to the contract on a finding that “RRI began submitting monthly invoices on or about November 5, 2002”. The court reasoned that “although the evidence establishes that the invoices were not completely accurate, IRMH made no effort to calculate what it thought were the correct charges and then to attempt to submit same until December 14, 2007. The Court finds that RRI is entitled to prejudgment interest on the actual amounts that were due as of December 5, 2002”. The prejudgment interest was determined to be $111,429.64.

*682
DAMAGES

The standard of review applicable to the trial court’s factual findings is whether they are supported by competent, substantial evidence. Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278 (Fla. 1st DCA 2003).
It is undisputed that IRMH breached its contract by not timely paying pursuant to its contract. The only issue is the amount of damages under the parties’ agreement. That question turns exclusively on the amount of additional monies earned by IRMH as a result of RRI’s actions. Put in other words, what would the hospital have earned had RRI not acted? Would its earnings have been determined under the rural wage index based upon the hospital’s initial application that failed to request reclassification or would it have been permitted to amend the initial application to seek reimbursement under the Orlando wage index?
That issue was addressed at trial by IRMH’s expert, Julia DiFrancesco. DiFrancesco opined that the Medicare Geographic Classification Review Board would have rejected IRMH’s initial application as incomplete and would have provided an opportunity for the hospital to amend its application to seek the Orlando wage index. Counsel for RRI objected generally to DiFrancescos’ expertise in the field, but made no contemporaneous objection to the specific questions resulting in the expert’s opinions.
This court need not determine whether DiFrancesco’s opinions are supported by the other evidence in the case because RRI failed to seek their exclusion. As no objection to this crucial evidence was raised below, it was waived. See Anderson v. State, 863 So.2d 169, 180-81 (Fla.2003) (holding that “speculation” objection as to expert testimony was waived where a different ground for objection was offered below).
While the trial court does not exclusively rely upon the opinions of IRMH’s expert, those opinions, along with the other factual findings made by the trier of fact, amount to competent, substantial evidence upon which the trial court correctly relied to determine RRI’s damages.

PREJUDGMENT INTEREST

The contract between the parties called for 1% interest per month on unpaid invoices. It is undisputed that the monthly invoices submitted by RRI beginning November 5, 2002 were not completely accurate. The trial court found as such, but further found that IRMH made no effort to calculate what it believed to be the correct invoice charges and submit those figures to RRI until December 14, 2007. The parties understood and recited RRI’s right to prejudgment interest by providing in a letter contract that “a monthly interest charge of 1% will be due and payable to RRI for any amounts not paid within thirty days of RRI’s invoices.” The trial court found that RRI is entitled to prejudgment interest on the actual amounts due as of December 5, 2002 and established that amount at $239,912.
The trial court’s decision concerning entitlement to prejudgment interest is reviewed de novo. Berloni v. Della Casa, 972 So.2d 1007 (Fla. 4th DCA 2008). Where a disputed claim becomes liquidated by the trier of fact as to the amount recoverable, interest should be awarded from the date the payment was due. Id. (quoting Celotex Corp. v. Buildex, Inc., 476 So.2d 294, 295 (Fla. 3d DCA 1985)). “Prejudgment interest cannot be denied simply because the amount of damages was disputed.” Id. The certainty of the amount of loss does not affect the award of prejudgment interest. Id.; Miller v. Transflorida *683 Bank, 656 So.2d 1364, 1367 (Fla. 4th DCA 1995).
IRMH argues that because the invoices were only estimated amounts and not true invoices prejudgment interest is not owed. This argument is contrary to the obvious intention of the parties. The parties recognized in the contract that there might be an adjustment of the amounts owed once actual payments were received by the hospital, but that monthly invoices were to be submitted to IRMH pending final payment from the federal government resulting in some adjustment to the submitted invoices. Because the award of prejudgment interest is consistent with the apparent intention of the parties under a contract which is, at a minimum, ambiguous, the trial court’s judgment as to this issue must be affirmed.
Both parties move for appellate attorney’s fees based upon the filing of competing offers of judgment. This Court grants both motions conditioned upon that party exceeding their offer of judgment pursuant to statute.
Accordingly, we affirm the trial court in all respects as to both the appeal and cross-appeal and conditionally grant the parties’ respective motions for appellate attorney’s fees.

Affirmed.

WARNER and POLEN, JJ., concur.