SILBERMAN, Judge.
D.P. “Rick” Wood seeks review of the final judgment which awarded him $28,000 for real estate appraisal services he provided to Samuel E. and Sharon K. Bur-nette in an eminent domain action. We reverse because the trial court failed to award Wood prejudgment interest. We reject the remainder of Wood’s arguments without comment.
In August 1998 the Burnettes engaged Wood as an expert real estate appraiser for an eminent domain action filed against them. The Burnettes were ultimately awarded a $3,129,700 judgment in the action. Because the Burnettes used two appraisers and did not call Wood to testify at trial, the court that tried the eminent domain action denied their motion to tax Wood’s fees. When the Burnettes subsequently failed to compensate Wood for his services, Wood sued for payment.
In his complaint, Wood sought $92,300 in unpaid real estate appraisal fees plus prejudgment interest.[1] The Burnettes agreed that they owed Wood real estate appraisal fees but disputed the amount. Based on the testimony of the Burnettes’ expert, the trial court awarded Wood $45,000 in real estate appraisal fees with a deduction for $17,000 in fees already paid, for a total of $28,000. The court’s award did not include prejudgment interest, and the court did not explain the rationale for this omission in the final judgment.
On appeal, Wood argues that the court erred in failing to award prejudgment interest. Wood seeks prejudgment interest from June 17, 1999, which is when he submitted the first invoice for $92,300 in fees to the Burnettes. The Burnettes ac *76 knowledge interest would have been due from either January 1, 2002, when Wood requested $92,300 in fees from the Bur-nettes after the court in the eminent domain action declined to award his fees, or October 28, 2002, when Wood filed his complaint. However, they assert that Wood waived his right to prejudgment interest from either of these dates by steadfastly claiming that he was entitled to it from June 17,1999.
This court reviews a trial court’s decision whether to award prejudgment interest de novo. Berloni S.p.A. v. Della Casa, LLC, 972 So.2d 1007, 1011 (Fla. 4th DCA 2008). “ ‘[W]hen a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest ... from the date of that loss.’ ” Bosem v. Musa Holdings, Inc., 46 So.3d 42, 45 (Fla. 2010) (quoting Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215. (Fla. 1985) (alteration in original)). The computation of prejudgment interest “is a purely ministerial duty” and is not affected by the merit of the defense or the certainty of the amount of loss. Argonaut, 474 So.2d at 215. When a fact-finder renders a verdict regarding the amount recoverable for unpaid services, the date of the loss is the date the payment was due. Berloni, 972 So.2d at 1011.
Because the final judgment in this case made a determination of the amount recoverable for unpaid services, Wood is entitled to prejudgment interest from the date of his loss. However, there remains an unresolved question of fact regarding that date. At trial, Wood testified that he believed payment was due on June 17, 1999, which was the date of the first invoice he sent to the Burnettes for $92,300. However, the Burnettes argue that payment was not due until after the court in the eminent domain action ruled on the Burnettes’ request for his fees. Thus, it is arguable that the date of loss is actually January 1, 2002, the date of Wood’s first demand for payment after the eminent domain court denied the Bur-nettes’ request for fees. Contrary to the Burnettes’ assertion, Wood did not waive entitlement to fees from this date by steadfastly asserting prejudgment interest should be calculated from June 17, 1999. While Wood did testify he believed he was owed fees as of June 17, 1999, Wood’s counsel asserted in his written closing argument that the prejudgment interest should be calculated as of January 1, 2002.
The Burnettes erroneously rely on Berloni and Minton v. Spivey, 505 So.2d 476 (Fla. 2d DCA 1987), to argue that prejudgment interest should be calculated as of the date of filing of the complaint, or October 28, 2002. In Berloni, the appellate court used the date of filing as the date of the loss because the trial court was unable to determine the date payment was due based on the facts before it. 972 So.2d at 1012. Similarly, in Minton, the record did not reveal the date of the broker’s demand for payment. 505 So.2d at 478. Contrary to the Burnettes’ argument, the record in this case contains evidence regarding the June 17, 1999, invoice, and the January 1, 2002, demand for payment. Thus, the trial court could have determined that the date of loss was one of those dates and thereby calculated prejudgment interest.
However, the court never determined the date payment was due. Because there is conflicting evidence regarding this date, we reverse and remand for the trial court to resolve this issue from the evidence before it. See, e.g., Carey v. Rocke, 18 So.3d 1266, 1267 (Fla. 2d DCA 2009) (reversing and remanding for further proceedings because the resolution of the ap *77 peal “necessarily requires factual determinations in this case”).
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ„ Concur.

. At trial, Wood claimed prejudgment interest of $80,106.28, computed to the date of trial.