# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2024-1481
Lower Tribunal No. 04-DR-000518

———————————————

DAVID SASSER,

Appellant,

v.

JOLEEN SASSER,

Appellee.

———————————————

Appeal from the Circuit Court for Lee County.
Carolyn D. Swift, Judge.

June 19, 2026

PER CURIAM.

David Sasser challenges the trial court's Amended Final Judgment for Arrearages entered in favor of the former wife, Jolene Sasser, along with an accompanying Order on Petitioner's Renewed Motion for Entry of Final Judgment and Order Denying Respondent's Supplemental Motion to Dismiss. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).

Among the issues raised in this appeal, we find merit only in David's argument that the trial court erred in calculating prejudgment interest on the 2014 enforcement order. Consequently, we reverse the Amended Final Judgment for

Arrearages only as to the amount of prejudgment interest awarded because the trial court did not rely on competent substantial evidence when making its calculations. As to the remaining issues raised, we affirm without further comment.

## BACKGROUND

David and Joleen were married on June 23, 1984. A Final Judgment of Dissolution of Marriage was entered on February 24, 2004, which required David to pay Jolene annual payments of a fixed sum along with a certain percentage of David's salary, draws and distributions from specific companies until January 30, 2024, in lieu of permanent periodic alimony.[1] The trial court retained jurisdiction to award Jolene alimony should David default on his annual payments. Subsequently, David failed to make the annual payments to Jolene, and in 2012, Jolene moved to enforce the final judgment.

In 2014, the trial court entered judgment against David for defaulting on his annual payments "together with interest at the legal rate from the date each payment of non-modifiable payments in lieu of alimony [was] due for which let execution issue forthwith." Although the trial court found Jolene was entitled to prejudgment interest, no calculation of the prejudgment interest was included in the judgment nor was the total amount of prejudgment interest specified. Additionally, the breakdown

---

[1] This unique arrangement was agreed upon in a settlement agreement between the parties that was incorporated into the final judgment.

of the specific annual payments upon which David defaulted was not included in the judgment.

In 2024, Jolene filed a Renewed Motion for Entry of Judgment and Motion for Determination of Continuing Obligations and Calculation of Amounts Owed. Since the 2014 judgment lacked the breakdown of annual payment amounts, the trial court was unable to simply calculate prejudgment interest from each date the payments were due. An evidentiary hearing was held on May 2, 2024, wherein the only evidence of the amount of each annual payment presented was Jolene's testimony. However, Jolene testified that she had no independent recollection of the amounts due and instead relied solely on documents her counsel provided to her in an attempt to refresh her recollection. Those documents, which were prepared by her certified public accountant, included, among other things, each of the parties' tax returns for 2004 to 2011. She testified that she was given the CPA's documents by her attorney who obtained them from the CPA. David's counsel moved to strike Jolene's testimony, arguing that since Jolene had no independent recollection of the amounts David owed to her, her recollection could not be refreshed, and it was improper for her to testify solely from the CPA's documents. The trial court reserved ruling on the motion to strike.

Jolene's counsel then moved to admit the CPA's documents into evidence which drew an objection because, as David's counsel argued, they were "hearsay

upon hearsay upon hearsay" and not business records. The trial court did not allow the documents to be admitted into evidence and no further testimony or evidence was presented regarding the annual payment amounts. After taking the matter under advisement, the trial court entered the orders on appeal including the amended final judgment which awarded prejudgment interest in the amount of $1,056,640.49.

In the Order on Petitioner's Renewed Motion for Entry of Final Judgment, the trial court found that it had a ministerial duty to calculate the prejudgment interest and despite any prejudicial effect that Jolene's "refreshed recollection" from reviewing the CPA's documents would have, the failure to award the prejudgment interest "would result in extreme unjust enrichment to [David] and prejudice to [Jolene]." The trial court further noted that David offered no alternative calculations for the total amounts awarded in the final judgment or any rebuttal evidence against the breakdown of payments testified to by Jolene.

"A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard." *Morris v. State*, 233 So. 3d 438, 446 (Fla. 2018) (citation omitted). However, the trial court's discretion is limited by the rules of evidence. *Cochran v. State*, 411 So. 3d 1278, 1280 (Fla. 6th DCA 2025) (citing *Hudson v. State*, 992 So. 2d 96, 107 (Fla. 2008)). "The standard of review applicable to the trial court's factual findings is whether they are supported by competent, substantial evidence." *Reimbursement Recovery, Inc. v. Indian River Mem'l Hosp.,*

4

*Inc.*, 22 So. 3d 679, 682 (Fla. 4th DCA 2009) (citing *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278 (Fla. 1st DCA 2003).

ANALYSIS

"The purpose of prejudgment interest is to make the plaintiff whole from the date of the loss, to compensate him for losing the use of his money during that period." *Schuenzel v. Schuenzel*, 320 So. 3d 214, 216 (Fla. 2021) (citing *Catalfumo v. Catalfumo*, 704 So. 2d 1095, 1100 (Fla. 4th DCA 1997)). "Courts apply the statutory judgment interest rate from the date of loss or entitlement . . . for purposes of calculation of pre-judgment interest." *Genser v. Reef Condo. Ass'n*, 100 So. 3d 760, 762 (Fla. 4th DCA 2012) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). "Once the finder of fact sets the amount of damages, 'the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due.'" *Schuenzel*, 320 So. 3d at 216 (quoting *Capitol Env't Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 597 (Fla. 1st DCA 2009)). Thus, "prejudgment interest . . . should be calculated separately for *each payment*. *Id.* at 216–17 (emphasis in original).

While "[i]n most cases, the calculation of prejudgment interest is a ministerial calculation," here, the 2014 Enforcement Order did not include the amount of each annual payment owed nor did it calculate the amount of prejudgment interest awarded at that time. *Westgate Miami Beach, LTD. v. Newport Operating Corp.*, 55

5

So. 3d 567, 576 (Fla. 2010). Accordingly, the trial court was required to first determine the amount of each payment David defaulted on as well as each date due in order to calculate the prejudgment interest due.

First, we find that the trial court erred in allowing Jolene to testify to the annual payment amounts based on her CPA's documents when she testified that she had no independent recollection of the amounts. "When a writing is used only to revive a present recollection of a fact, it is not required that the writing be written by the witness." *Wilcox v. State*, 143 So. 3d 359, 378 (Fla. 2014) (citing *Garrett v. Morris Kirschman & Co., Inc.*, 336 So. 2d 566, 569 (Fla. 1976)). However,

> [t]here is a clear and obvious distinction between the use of a memorandum for the purpose of stimulating the memory and its use as a basis for testimony . . . as to which there is no independent recollection . . . . In the latter case, the memorandum furnishes no mental stimulus, and the testimony of a witness by reference thereto derives whatever force it possesses from the fact that the memorandum is a record of a past recollection, reduced to writing while there was an existing independent recollection.

*Middleton v. State*, 426 So. 2d 548, 551 (Fla. 1982) (quoting *Volusia Cnty. Bank v. Bigelow*, 33 So. 704, 706 (Fla. 1903)). To be admissible, section 90.803(5) requires that a recorded recollection is "shown to have been *made by the witness* when the matter was fresh in the witness's memory and to reflect that knowledge correctly." § 90.803(5), Fla. Stat. (2024) (emphasis added). Therefore, "the law requires the maker to adopt the recorded recollection as his own." *Montano v. State*, 846 So. 2d 677, 682 (Fla. 4th DCA 2003).

6

In this case, the CPA's documents were not written by Jolene and were not a record of Jolene's past recollection. Jolene also testified she had no independent recollection of the amounts due, and so the documents could not be used to refresh a recollection that she did not have. Accordingly, her testimony as to the annual payment amounts due to her was not based upon personal knowledge and instead constituted impermissible hearsay. The trial court abused its discretion in denying David's motion to strike same. *Morris* 233 So. 3d at 446.

Secondly, although the trial court correctly determined the CPA's documents were not admissible into evidence, it nevertheless relied on Jolene's testimony—that was not based on personal knowledge and merely came from reading those same documents—as to the amounts due when calculating prejudgment interest. The trial court reasoned that the failure to award prejudgment interest would result in an extreme unjust enrichment to David, and that this "outweighs any prejudicial effect of [Jolene's] refreshed recollection." However, the trial court's opinion on the injustice of the situation does not obviate the requirement for the court's factual findings to be based on competent, substantial evidence. Since Jolene's testimony as to the breakdown of annual payments was inadmissible, it did not constitute substantial, competent evidence.[2] *Reimbursement Recovery,* 22 So. 3d at 682.

---

[2] In addition, the affidavit attached to Jolene's motions for the calculation of prejudgment interest was not competent, substantial evidence of the amounts. The affidavit was not admitted into evidence. If Jolene had tried to admit it into evidence,

7

Additionally, we note that the trial court's finding that David presented no evidence rebutting Jolene's calculations should not have been a factor the trial court considered in making its ruling where Jolene presented no competent, substantial evidence to establish her calculations. Jolene, as the movant, had the burden of proving the yearly amounts the trial court must use to calculate the prejudgment interest. *Cf. Fla. Silica Sand Co. v. Parker*, 118 So. 2d 2, 4 (Fla. 1960) ("[T]he burden to establish attorneys' fees is always on the claimant [even though the statute] authorizes the award of a fee under the circumstances."). Jolene presented no admissible evidence at the hearing of the annual payment amounts due which were necessary for the calculation of prejudgment interest, and as such, she failed to meet her burden. Thus, David was not required to present any evidence to rebut Jolene's calculations.

Where the record contains no competent, substantial evidence to support an award of prejudgment interest, the award should be reversed without remand for taking additional evidence. *Cf. Ruffenach v. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc., Asset-Backed Pass-Through Certificates Series 2005-R8*, No. 23-1482, 2026 WL 785140, *10 n.8 (Fla. 6th DCA Mar. 20, 2026) (reversing

---

it would have been subject to a hearsay objection. *Reese v. Reese*, 363 So. 3d 1202, 1210 (Fla. 6th DCA 2023) (admission of affidavit into evidence is subject to the Florida Evidence Code, including the hearsay rules); *Holt v. Calchas, LLC*, 155 So. 3d 499, 507 (Fla. 4th DCA 2015) (affidavits were hearsay when offered to prove the truth of the matter asserted therein).

8

an award of attorneys' fees for lack of proof and declining to remand); *B & H Miracle, LLC v. Wells Fargo Bank, N.A.*, 227 So. 3d 238, 239 (Fla. 1st DCA 2017) (reversing award of attorney's fees for lack of proof) (citing *Frieman v. Nat'l City Mortg. Co.*, 183 So. 3d 1111, 1112–13 (Fla. 4th DCA 2015)).

For the foregoing reasons, we conclude that the awarded amount of prejudgment interest was erroneous.  Thus, we reverse the Amended Final Judgment as to the amount of prejudgment interest awarded and remand this case to the trial court with instructions to enter a Second Amended Final Judgment which removes the award of prejudgment interest.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

STARGEL and MIZE, JJ., and RAFOOL, B.J., Associate Judge, concur.


Christopher D. Donovan, of Donovan Appellate Law, PLLC, Estero, for Appellant.

Mark W. Rickard, of Law Guard, Plantation, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED