545 So.2d 421 (1989)
Owen ADLER, Appellant,
v.
Gary RIMES, Broadcort Capital Corporation, a Foreign Corporation, and Morgan, Olmstead, Kennedy & Gardner, Inc., a Foreign Corporation, Appellees.
No. 88-1447.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
Rehearings Denied July 20, 1989.
*422 Douglas Jovanovic, Law Offices of Douglas Jovanovic, J.D.,LL.M., Fort Lauderdale, for appellant.
David A. Weintraub, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Miami, for appellee-Broadcort Capital Corp.
Mark F. Bideau, Shapiro & Bregman, West Palm Beach, for appellees-Morgan, Olmstead, Kennedy & Gardner, Inc.
GARRETT, Judge.
This is an appeal of the trial court's order granting appellees' motions to stay litigation pending arbitration.
Appellant executed customer agreements to open securities accounts with certain brokerage firms. Each agreement contained an arbitration clause.
The complaint seeks damages from the appellees, as corresponding or clearing brokers, for losses in appellant's accounts.
Appellant's motion for a jury trial on the rescission count was denied. Instead, the trial court, having determined appellant's "fraudulent inducement issue" to be "genuine," conducted an evidentiary hearing to determine the validity and enforceability of the customer agreements.
After finding the customer agreements bound appellant, the trial court granted appellees' motions to stay litigation. However, the trial court did not compel arbitration.
The Federal Arbitration Act (FAA) is binding on the courts of this state. Southland Corporation v. Keating, 465 U.S. 1, 24, 104 S.Ct. 852, 865, 79 L.Ed.2d 1, 20, 21 (1984); Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790, 792 (Fla. 4th DCA 1981). The parties agree the FAA applies to this case.
Section 4 of the FAA provides for a jury trial "if the making of the arbitration agreement ... be in issue." The appellees invoked this section when they filed "hybrid" motions[1] to stay litigation pending arbitration and to compel arbitration.
Once appellees invoked section 4, appellant had the right to demand a jury trial to resolve the issue of whether the agreements were fraudulently induced.
Having found the validity of the customer agreements a genuine issue, the trial court erred in denying appellant's request for a jury to decide the issue.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
DOWNEY and DELL, JJ., concur.
NOTES
[1] Motions which are not "classic" § 3 or § 4 motions. When the two sections are combined in a single motion, the statutory distinction is lost.