819 So.2d 977 (2002)
K.W. BROWN AND COMPANY d/b/a K.W. Brown Investments, a Florida corporation and Kenneth Brown, Appellants,
v.
Billie McCUTCHEN, Barbara McCutchen, Billie H. McCutchen Rollover Ira, Barbara J. McCutchen, Ira and Billie H. McCutchen 401k Account, Appellees.
No. 4D01-3320.
District Court of Appeal of Florida, Fourth District.
June 26, 2002.
*978 Russell L. Forkey and Bryan C. Hanes of Russell Forkey, P.A., Fort Lauderdale, for appellants.
Delmer C. Gowing III of Delmer C. Gowing III, P.A., Delray Beach, for appellees.
HAZOURI, J.
On June 21, 2001, K.W. Brown and Co. d/b/a K.W. Brown Investments, a Florida Corporation, and Kenneth Brown (collectively, "Appellants") filed a Complaint for a temporary and permanent injunction, seeking to prevent Billie and Barbara McCutchen ("the McCutchens") from prosecuting an arbitration claim against them that is before the National Association of Securities Dealers, Inc. ("NASD"), case number 00-04714. The Complaint indicates that on January 24, 2000, the McCutchens entered into a series of Management Agreements with 21st Century Advisors, Inc. ("21st Century"), an investment adviser registered with the Securities and Exchange Commission under the Investment Advisers Act of 1940, for the management of their IRA investment accounts. The Management Agreements, which were attached to the Complaint, authorize 21st Century to select a broker dealer unless otherwise directed and provide that K.W. Brown Investments is 21st Century's affiliated broker dealer. Kenneth Brown is the president of 21st Century and corporate principal of K.W. Brown Investments.
The Complaint further alleges that in accordance with the Management Agreements, 21st Century placed orders for the McCutchen's accounts through K.W. Brown Investments. While 21st Century is not a member of NASD, Kenneth Brown is an associated member of NASD and K.W. Brown Investments is a broker-dealer member of NASD. The Management Agreements do not contain an arbitration clause.
Attached to the Complaint is also a copy of the Statement of Claim filed with NASD by the McCutchens on December 1, 2000. In the Statement of Claim, the McCutchens requested that the NASD arbitration panel assess damages against Appellants for negligence, breach of fiduciary duty and fraud. The McCutchens asserted that Appellants agreed to manage their retirement accounts conservatively by diversifying their holdings and placing the majority of their holdings in non-volatile investments. The McCutchens further asserted that contrary to their agreement and contrary to their instructions, the Appellants utilized very risky investments including extremely volatile technology stocks which resulted in the McCutchens sustaining substantial losses.
The instant Complaint alleges, "As a result of the allegations contained in the Statement of Claim and the Management Agreements attached hereto, it is clear that there is no disputed claim or controversy that is eligible for arbitration under the NASD Code of Arbitration Procedures between the Plaintiffs and the Defendants." The McCutchens filed a Motion to Dismiss Complaint, arguing that the case was properly before the NASD panel, which decided it had jurisdiction.
At the hearing on the motion, Appellants argued that they were not contractually obligated to arbitrate the issues before NASD because there is no nexus between the dispute and the services they performed. Appellants alleged that the claims before NASD arose out of the *979 McCutchens' relationship with 21st Century, which is not a member of NASD or subject to its rules. The McCutchens argued that Appellants are members of NASD and the bylaws of NASD requires them to arbitrate any claim brought by a customer regardless of whether or not there is a contract. The trial court conducted the hearing without taking any evidence and made no findings of fact or law but simply entered an order granting the motion to dismiss and dismissing the complaint without prejudice.[1]
Appellants contend that the instant Complaint invokes the court's jurisdiction to decide the issue of arbitrability and should not have been disposed of on a Motion to Dismiss. Appellants assert that where parties have not agreed to arbitrate the issue of whether a dispute is subject to arbitration, the issue of arbitrability must be decided independently by the court.
The trial court did not specify whether it was dismissing the Complaint for failure to state a claim for which relief could be granted or for lack of jurisdiction. When considering a motion to dismiss, the trial court must look only to the four corners of the complaint, including the attachments incorporated in it, and the allegations contained therein should be taken as true without regard to the pleader's ability to prove the same. Alevizos v. John D. & Catherine T. MacArthur Found., 764 So.2d 8, 9 (Fla. 4th DCA 1999); Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022, 1023 (Fla. 4th DCA 1996). The sufficiency of a complaint in a civil action is a question of law, which is reviewable de novo. See Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999).
To obtain a permanent injunction, a plaintiff must establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief. Dania Jai Alai Int'l, Inc. v. Murua, 375 So.2d 57, 58 (Fla. 4th DCA 1979). Appellants' Complaint for a temporary and permanent injunction, seeking to prevent the McCutchens from prosecuting the arbitration claim against them before NASD, alleges, "As a result of the allegations contained in the Statement of Claim and the Management Agreements attached hereto, it is clear that there is no disputed claim or controversy that is eligible for arbitration under the NASD Code of Arbitration Procedures between the Plaintiffs and the Defendants."
A legal remedy is inadequate in this case, as no legal remedy can compensate Appellants for having to allegedly undergo an arbitration process in which they did not agree to participate. In the absence of injunctive relief, Appellants would be forced to proceed with an arbitration proceeding to which they did not allegedly consent. Therefore, the remaining question is whether Appellants' allegations demonstrate a clear right to relief. To answer this question it is necessary to determine whether the issue of arbitrability should be decided by a court or by the NASD panel.
Because the parties' underlying claims in arbitration involve securities, the Federal Arbitration Act applies. See Adler v. Rimes, 545 So.2d 421, 422 (Fla. 4th DCA 1989); Merrill, Lynch, Pierce, Fenner & Smith Inc. v. Melamed, 405 So.2d 790, 793 (Fla. 4th DCA 1981). The McCutchens correctly note that in enacting Section 2 of the Federal Arbitration Act, "Congress declared a national policy favoring arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 *980 L.Ed.2d 1 R.9.800(k) (1984). However, this policy "does not require parties to arbitrate when they have not agreed to do so." Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); see also First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (arbitration is a matter of contract, and a party cannot be required to submit a dispute to arbitration unless the party has agreed to do so) (citing AT & T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)); Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999).
Whether the arbitrators or the courts have the primary power to determine arbitrability depends on whether the parties agreed to submit the question of arbitrability itself to arbitration. Corporate Sec. Group v. Lind, 753 So.2d 151 (Fla. 4th DCA 2000) (citing First Options, 514 U.S. at 944, 115 S.Ct. 1920). Courts should not assume that the parties agreed to arbitrate the issue of arbitrability unless there is "clear and unmistakable" evidence that they did so. See id. (citing First Options, 514 U.S. at 944, 115 S.Ct. 1920).
The parties agree that there is no express agreement to submit the issue of arbitrability to the arbitrators. The McCutchens argue that Appellants have agreed to have the issue of arbitrability decided by a NASD panel by virtue of their membership in NASD, generally citing Section 10301(a), NASD Code of Arbitration Procedure (2000). Section 10301(a) provides:
(a) Any dispute, claim, or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer.
In John Hancock Life Insurance Co. v. Wilson, 254 F.3d 48 (2d Cir.2001), the second circuit held that membership in the NASD, without more, is not sufficient to show that the parties agreed to submit the question of arbitrability to the arbitrators, but that it is sufficient, without more, to bind the NASD member to arbitrate the investor's claims. Id. at 53. As the second circuit noted, at a glance this resolution may seem inconsistent. This apparent inconsistency is resolved by noting that there are two prerequisites before a NASD member can be compelled to arbitrate: (1) a complaining party must be a "customer" of the NASD member, and (2) the "dispute, claim, or controversy" must have arisen "in connection with the business of such member." See id. at 58; see also Vestax Sec. Corp. v. McWood, 280 F.3d 1078, 1081 (6th Cir.2002); Wheat, First Sec., Inc. v. Green, 993 F.2d 814, 820 (11th Cir.1993).
Since Appellants are NASD members and conceded at oral argument that the McCutchens are their customers, the only remaining prerequisite is whether the "dispute, claim or controversy" arose "in connection with the business" of Appellants. The McCutchens' Statement of Claim attached to the Appellants' Complaint clearly makes factual allegations that their claims arose in connection with the business of Appellants. Therefore, we conclude that although the issue of arbitrability is an issue to be resolved by the trial court and that the trial court erred when it summarily dismissed the complaint, nevertheless we affirm[2] the dismissal because *981 pursuant to the allegations in Appellants' Complaint and attachments, combined with the concession at oral argument, Appellants are required to arbitrate. We do not pass on the merits of the claims, as that remains for the NASD panel to determine.
AFFIRMED.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] This is a final appealable order, as it dismisses the complaint without leave to amend. See Carnival Corp. v. Sargeant, 690 So.2d 660, 661 (Fla. 3d DCA 1997) (an order dismissing a complaint without leave to amend is a final appealable order, even though it does not contain the words "with prejudice").
[2] See Indus. Builders, Inc. v. Heritage Ins. Co. of Am., 416 So.2d 1244, 1246 (Fla. 4th DCA 1982) (decision of a trial court is generally affirmed if it is supported by the evidence or an alternative theory) (citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)).