916 So.2d 891 (2005)
O.L. RAULERSON, Sheriff of Okeechobee County, Appellant,
v.
Marshall MITCHELL and Milton Mitchell, Sr., Appellees.
No. 4D04-2432.
District Court of Appeal of Florida, Fourth District.
November 9, 2005.
*892 Michael J. Stephenson of Purdy, Jolly & Giuffreda, P.A., Fort Lauderdale, for appellant.
No brief filed for appellees.
PER CURIAM.
Appellant, O.L. Raulerson, appeals the trial court's order granting injunctive relief. We reverse the order on the ground that the appellees, Marshall and Milton Mitchell, have failed to establish a clear legal right to an injunction.
Marshall and Milton Mitchell filed an Emergency Petition for Injunction in *893 which they alleged violations of their rights concerning the quality of their confinement at the Okeechobee County Jail while awaiting trial. Among the relief requested, the Mitchells asked the trial court to mandate Raulerson, the Sheriff of Okeechobee County, to perform certain actions, including delivering the Mitchells' personal and legal mail in a timely manner and providing the Mitchells access to a deputy to log criminal complaints. The trial judge construed the request for injunctive relief as a supplement to a previously filed habeas corpus complaint and held an evidentiary hearing.
As a result of the hearing, the trial judge concluded that the issues addressed in the order were properly filed under a petition for writ of habeas corpus and proceeded to grant injunctive relief on two grounds, but denied all other relief. Specifically, the judge required Raulerson to bring in a Deputy, or other law enforcement officer authorized to take criminal complaints, within ten days of the order to speak with the Mitchells and take any criminal complaints which they wished to lodge. Further, the trial court ordered Raulerson "to follow the institution's policies and procedures regarding Plaintiff Marshall Mitchell's legal mail, to-wit: all legal and privileged mail must be logged, envelopes must be Xeroxed and if legal or privileged mail needs to be opened, it must be opened in the presence of the inmate in the canteen and if it does not need to be opened, it must be delivered to the inmate on the day it is received and inspected."
On appeal, Raulerson argues that the order granting injunctive relief should be reversed because the order is legally insufficient. Raulerson cites K.W. Brown & Co. v. McCutchen, 819 So.2d 977 (Fla. 4th DCA 2002), for the proposition that in order for a plaintiff to "obtain a permanent injunction, a plaintiff must establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief." Id. at 979 (citing Dania Jai Alai Int'l, Inc. v. Murua, 375 So.2d 57, 58 (Fla. 4th DCA 1979)). Raulerson contends that the Mitchells failed to establish all three elements necessary for injunctive relief. For the reasons that follow, we agree with appellant and reverse the granting of injunctive relief concerning the mail delivery as well as the requirement that a deputy log the Mitchells' criminal complaints.
We review the order granting the injunction under the abuse of discretion standard. Net First Nat'l Bank v. First Telebanc Corp., 834 So.2d 944 (Fla. 4th DCA 2003) (citing Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA 2000)).
Raulerson first challenges the imposition of the injunction related to the mail delivery, basing his argument on Marshall Mitchell's failure to show that a clear legal right was violated. This Court held in K.W. Brown & Co. that in order for a plaintiff to obtain a permanent injunction, the plaintiff must establish a "clear legal right" to injunctive relief. K.W. Brown & Co., 819 So.2d at 979.
Interference with legal mail implicates a prison inmate's rights to access the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution. Davis v. Goord, 320 F.3d 346, 351 (2nd Cir.2003). However, while a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Id. Rather, the inmate must show that prison officials "regularly and unjustifiably interfered with the incoming legal mail." Id.
We agree with the appellant that Marshall Mitchell failed to establish that Raulerson *894 unconstitutionally interfered with his mail. While the trial court does not make any definitive finding as to whether the violations were on-going or isolated, the order does include a finding that the violations were "perhaps inadvertent" and that adherence to the policy would prevent any future violation of Mitchell's right. The trial court further found that Raulerson's policies and procedures regarding mail delivery are "adequate to protect the Plaintiff's constitutional rights." In addition, the court's finding that the interference with mail occurred "on at least two occasions" also does not amount to a showing that the prison officials "regularly" interfered with Mitchell's incoming mail as required in Davis. Davis, 320 F.3d at 351. Therefore, because Mitchell failed to show that prison officials "regularly and unjustifiably" interfered with his incoming mail, we conclude that the trial court order granting injunctive relief was an abuse of discretion as it was not based on legally sufficient evidence demonstrating that a clear legal right was violated.
In addition to establishing a violation of a clear legal right, K.W. Brown & Co. requires that Mitchell show that no adequate remedy at law exists in order to obtain an injunction. K.W. Brown & Co., 819 So.2d at 979. In Sallier v. Brooks, 343 F.3d 868 (6th Cir.2003), the appellate court affirmed, in part, a state prisoner's section 1983 action against two prison mailroom clerks who opened legal mail outside the presence of the prisoner. Id. The prisoner won on 13 of the 20 claims of violations and was awarded compensatory and punitive damages in the amount of $13,000. On appeal, the court reversed 10 of the 13 successful claims and reduced the damages accordingly. Id. at 880. Therefore, based on Sallier, we find that a remedy at law is available under section 1983, and that Mitchell failed to show how a section 1983 action would be an inadequate remedy at law. Thus, we conclude that the granting of injunctive relief concerning the mail delivery was an abuse of discretion because Mitchell failed to show that no adequate remedy at law exists in addition to his failure to establish that a clear legal right was violated.
Finally, we also reverse the order granting injunctive relief requiring the deputy to log criminal complaints. The trial court ordered that Raulerson must "either personally or through the jail administrator. . . within ten days . . . cause a Deputy or other law enforcement officer authorized to take criminal complaints to speak with the [brothers] to take any criminal complaints which they wish to lodge." Again, we find that the trial court erred in concluding that the failure to bring a deputy into the jail to allow the Mitchells to file a criminal complaint is a violation of the constitutional right to access the courts. We find that the right to be given access to a deputy to log criminal complaints is not the type of "clear legal right" as required to be granted injunctive relief. See K.W. Brown & Co., supra. Therefore, injunctive relief is not warranted.
For these reasons, we conclude that the trial court's order granting injunctive relief was an abuse of discretion and reverse.
Reversed.
GUNTHER, FARMER and TAYLOR, JJ., concur.