# Third District Court of Appeal

## State of Florida

Opinion filed July 9, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D13-774 & 3D12-3429
Lower Tribunal No. 05-24857

_____

**Albanese Popkin Hughes Cove, Inc.,**
Appellant,

vs.

**David Scharlin, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, and John W. Thornton, Judges.

Walton, Lantaff, Schroeder & Carson LLP, and John P. Joy, Sara M. Sandler, and Michael D. Ford (Ft. Lauderdale), for appellant.

Hall, Lamb & Hall, P.A., and Andrew C. Hall, Adam J. Lamb, and Jocelyn S. Brown, for appellees.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

SCALES, J.

This is a consolidated appeal from a final cost judgment and a final order awarding prejudgment interest in favor of Appellees, Plaintiffs below, David Scharlin, Amy Scharlin, Howglo, Inc., and A&DS Property Holdings, LLC (the Scharlins), and against Appellant, Defendant below, Albanese Popkin Hughes Cove, Inc. (APHCI). We reverse portions of the cost judgment because certain costs were outside the scope of the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions[1] (the Guidelines), and we reverse the award of prejudgment interest because the lack of specificity in the jury's verdict makes it impossible to calculate prejudgment interest.

## I.     Background

The Scharlins sued APHCI, alleging APHCI improperly constructed their home. Because of various construction defect damages, the Scharlins were forced to vacate their home on August 5, 2005, and did not move back in until April 30, 2009, when remediation was completed.

The scope of damages and defects alleged include, *inter alia*: water intrusion and mold throughout the house; defective HVAC system; improperly installed windows and doors; ineffective drainage system on balconies and deck; improperly installed sewage pipes and resulting plumbing problems; hazardous electrical conditions; cracks in ceiling, floor, and columns; unsealed openings in exterior

---

[1] In re Amends. to Unif. Guidelines for Taxation of Costs, 915 So. 2d 612 (Fla. 2005) (The Guidelines).

2

walls; unsealed holes at the top of each column and resulting water intrusion into the columns; leaks in the roof and swimming pool; lack of waterproof installation in the stonework; exhaust, ventilation, moisture, and intrusion issues in the gas-fired hot water heaters; existence of a potentially hazardous condition whereby carbon monoxide could be pumped into the home via the gas-fired hot water tanks; and inoperative electrical outlets.

The Scharlins sought around $2.5 million for repair damages to the home itself and approximately $1.6 million in damages for their loss of use of the residence.

A jury trial ensued, and, on October 28, 2011, the jury, using a general verdict form, returned a verdict awarding the Scharlins damages of $589,789.46 for repairs to their home and $224,825 for loss of use, totaling $814,614.46 in compensatory damages. The jury determined APHCI was twenty-three percent at fault.

On December 2, 2011, the trial court entered a final judgment against APHCI in the amount of $187,361.33, which reflected a reduction in the verdict for the percentage of fault attributable to other parties as found by the jury.[2]

---

[2] The Scharlins appealed the trial court's final judgment and this court issued a per curiam affirmance on July 31, 2013. See Scharlin v. Albanese Popkin Hughes Cove, 117 So. 3d 1100 (Fla. 3d DCA 2013) (table).

After entry of the final judgment, the Scharlins filed a motion to tax costs, seeking a total of $391,362.93 in taxable costs. After an evidentiary hearing, the trial court awarded the Scharlins costs in six categories: depositions ($11,983.37); court reporter ($11,909.10); mediation ($3,178.13); filing fee, subpoena and witness fees ($10,049.88); expert witnesses ($247,977.03); and photocopies and exhibits ($65,118.28), for a grand total of $350,215.79.

The Scharlins also filed post-trial motions seeking prejudgment interest. The trial court entered an order awarding the Scharlins prejudgment interest in the amount of $76,194.68, the full amount requested.

APHCI appealed both the cost judgment and the prejudgment interest order, and this court consolidated APHCI's appeals.

## II.    The Final Cost Judgment

A trial court's award of costs is reviewed by appellate courts for an abuse of discretion. See Ocean Club Cmty. Ass'n v. Curtis, 935 So. 2d 513, 517 (Fla. 3d DCA 2006). Because we conclude that portions of the award did not comport with the Guidelines, we partially reverse and remand the cost judgment.[3]

a.  Expert Witness Costs

---

[3] We recognize the trial judge who presided over the costs hearing was at a peculiar disadvantage because he was not the trial judge who presided over the three-and-one-half week jury trial.

4

The trial court awarded $21,915.73 to the Scharlins for expenses pertaining to Dan Tinney's preparation of an expert report. Tinney did not testify at trial. Section III(B) of the Guidelines lists "[a]ny expenses relating to consulting but non-testifying experts" as a litigation cost that "should not be taxed as costs." The Guidelines, 915 So. 2d at 617. However, Section I(C) of the Guidelines identifies "the costs of preparation of any court ordered report" as a litigation cost that "should be taxed." Id. at 616. Tinney's expert report was prepared in response to a court order, thus Tinney's expenses for preparing that court-ordered report are taxable.

A review of Tinney's invoices reveal Tinney charged $10,020 for his preparation of the report.

Tinney's remaining charges, totaling $11,895.73 (i.e., three invoices for the following amounts: $195.70; $9,334.65; and $2,365.38), however, were for services unrelated to his preparation of the court ordered report.[4] Thus, the costs awarded to the Scharlins for Tinney's expert services should be reduced by $11,895.73.

b. Court Reporter Costs

---

[4] The remaining charges were for Tinney's performance of the following services: reviewing another expert's report; preparing for a conference call; participating in a conference call; attending a meeting regarding the Scharlins' residence; reviewing documents; preparing for a status meeting; reviewing work plan; and attending a status meeting.

In its final cost order, the trial court stated it was deleting charges for all hearing transcripts and trial transcripts. The trial court then awarded the Scharlins $11,909.10 in court reporter costs. When all the requested costs for hearing transcripts and trial transcripts are removed, however, the resulting figure is $9740. Accordingly, the trial court's award of $11,909.10 appears to be the result of a mere calculation error. The costs awarded to the Scharlins for court reporter costs should be reduced by $2,169.10.

c. Mediation Costs

Pursuant to Section II(A) of the Guidelines, mediation fees may be taxed as costs. The Guidelines, 915 So. 2d at 617. The mediation services reflected in invoices dated March 9, 2011, and March 25, 2011 (totaling $675), were for the Scharlins' claim against the manufacturer of the windows in their home; this claim was for a separate lawsuit to which APHCI was not a party. Florida law permits the taxing of certain costs incurred by a prevailing party against a losing party. See § 57.041, Fla. Stat. (2013). APHCI was not the losing party in the underlying lawsuit for which the March 9, 2011, and March 25, 2011, mediation services were rendered. As such, the costs awarded to the Scharlins for these mediation services should be reduced by $675.

We affirm the cost judgment in all other respects.

**III.    The Prejudgment Interest Order**

6

A trial court's decision concerning entitlement to prejudgment interest is reviewed *de novo*. See Reimbursement Recovery, Inc. v. Indian River Mem'l Hosp., Inc., 22 So. 3d 679, 682 (Fla. 4th DCA 2009). Under Florida law, a prevailing party is entitled to prejudgment interest for liquidated damages. See Argonaut Ins. Co. v. May Plumbing Co., 474 So. 2d 214, 215 (Fla. 1985). "Once a verdict has liquidated the damages as of a date certain," prejudgment interest is awardable based on a mathematical computation. Id.

"There are two prerequisites to the award of prejudgment interest as damages: (1) Out-of-pocket pecuniary loss, and (2) a fixed date of loss." Underhill Fancy Veal, Inc. v. Padot, 677 So. 2d 1378, 1380 (Fla. 1st DCA 1996). Here, the second perquisite is in dispute.

Of the approximately $2.5 million sought for repairs costs, the jury awarded the Scharlins $589,789.46. However, the verdict form did not identify a date of loss for the actual construction defect damages to which the jury believed the Scharlins were entitled, nor did the verdict identify which of the $2.5 million in sought damages were included in the award. Further, of the approximately $1.6 million sought for loss of use of their residence, the jury awarded the Scharlins $224,825. Again, the verdict form did not specify the dates for which the jury believed the Scharlins were entitled to be reimbursed for loss of use of their home.

7

The Scharlins argue the dates of loss for the repair costs are clearly established by the record as running from May 9, 2006 (the day they began remitting payments for repairs to their property), up until they remitted a total of $589,789.46 (the amount the jury awarded them) in payment for repairs to the home. In other words, the Scharlins argue they are entitled to prejudgment interest on the *first* $589,789.46 (out of the alleged $2.5 million) they paid for repairs to the home.

The Scharlins argue the dates of loss for their loss of use of the residence run from August 5, 2005 (the day they moved out of the house), up until February 12, 2006 (the day the reasonable rental value of their house would have reached a total of $224,825, as opined by their expert witness). In other words, the Scharlins argue they are entitled to prejudgment interest on the *first* six months and eight or nine days (out of the nearly four years) they were out of the home.

The jury simply found APHCI responsible for twenty-three percent of the $814,614.14 in total damages that the jury determined the Scharlins sustained.

Under the facts of this case, it simply cannot be determined from the record *when* the particular pecuniary losses awarded by the jury occurred. The Scharlins alleged almost every portion of their home was damaged due to improper design and construction. And, according to the Scharlins, the damages, and associated repairs, began to occur within a few weeks of moving into the residence in April

8

2003, and continued over a period of several years. Additionally, it cannot be determined *which* of the alleged $2.5 million in repair expenses sought by the Scharlins the jury awarded them. Finally, the jury did not identify the time period associated with its loss of use award, nor is it evident from the record.

Hence, the only possible date that liquidated the Scharlins' claim for prejudgment interest purposes was the date the jury rendered its verdict. Accordingly, we determine the Scharlins' damages were liquidated by the jury's verdict on October 28, 2011. See Perdue Farms Inc. v. Hook, 777 So. 2d 1047, 1055 (Fla. 2d DCA 2001); Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs., Inc., 805 So. 2d 941, 945 (Fla. 2d DCA 2001).

## IV.    Conclusion

In sum, we affirm the final cost judgment in all respects except, we reverse and remand the awards for expert witnesses, court reporter, and mediation. We reverse and remand the prejudgment interest award and direct the trial court to enter an award of prejudgment interest for the Scharlins to be calculated from the date of the jury verdict until the date of entry of the final judgment.[5]

Affirmed in part, reversed in part and remanded.

---

[5] We recognize that, like the trial judge who presided over the cost hearing, the trial judge who presided over the prejudgment interest hearing was also at a disadvantage because he was not the trial judge who presided over the three-and-one-half week jury trial.