PER CURIAM.
Affirmed. See Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1979) (holding that “[without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal”); Colucci v. Kar Kare Auto. Grp., Inc., 918 So.2d 431, 438 (Fla. 4th DCA 2006) (observing that the Florida Supreme Court has cautioned restraint when appellate courts review an order imposing injunctive relief that rests on factual matters and requires the trial court to exercise its sound discretion: “This is particularly true where the order relies on live testimony or -other evidence that the trial court is singularly well-suited to evaluate.”) (quoting Operation Rescue v. Women’s Health Ctr., 626 So.2d 664, 670 (Fla.1993), modified in part on other grounds sub nom. Madsen v. Women’s Health Ctr., Inc., 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994)).