# Third District Court of Appeal

## State of Florida

Opinion filed February 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1670
Lower Tribunal No. 14-30219
_____

## Jorge Gonzalez-Barrera and Abniel Garcia,
Appellants,

vs.

## Majorca Towers Condominium, Inc.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

W. Sam Holland, for appellants.

Becker & Poliakoff, P.A., and Lilliana M. Farinas-Sabogal, for appellee.

Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.

PER CURIAM.

Jorge Gonzalez-Barrera ("Gonzalez-Barrera") and Abniel Garcia ("Garcia") appeal a final judgment awarding permanent injunctive relief to Majorca Towers Condominium, Inc. ("the Association") in an action to remove Garcia from one of two condominium units owned by Gonzalez-Barrera.

We affirm that portion of the final judgment prohibiting Garcia, absent Association approval, from residing in one of Gonzalez-Barrera's two units while Gonzalez-Barrera resides in the other unit. However, we reverse that portion of the final judgment prohibiting Garcia, absent Association approval, from residing in the same unit with Gonzalez-Barrera, as such a claim was never pleaded, nor such relief sought, in the operative complaint. Further, even if (as the Association contends) such a claim had been pleaded, the trial court erred in granting such relief. Under the plain language of the Declaration of Condominium, Association approval was not required for Garcia to reside in the same unit with, and as a guest of, Gonzalez–Barrera.[1]

---

[1] We reject the Association's argument that affirmance is compelled by the "law of the case" doctrine. Although it is true that this court previously affirmed the temporary injunction entered by the trial court, see Gonzalez-Barrera v. Majorca Towers Condo., Inc., 197 So. 3d 591 (Fla. 3d DCA 2016) (mem.), that per curiam affirmance cited to Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), which compelled affirmance in the absence of a transcript of the hearing on the motion for temporary injunction. Further, and as this court held in Ladner v. Plaza del Prado Condo. Ass'n, 423 So. 2d 927, 929 (Fla. 3d DCA 1982):

> The purpose of a temporary injunction is to preserve the status quo until a final hearing when full relief may be granted. A preliminary

Affirmed in part, reversed in part and remanded for further proceedings.

---

injunction does not decide the merits of the case unless (1) the hearing is specially set for that purpose, (2) the parties have had a full opportunity to present their cases, and a denial of a preliminary injunction or reversal of an order granting same does not preclude the granting of a permanent injunction at the conclusion of a full hearing. Because a party is not required to prove his case in full at a preliminary injunction hearing, the findings of fact and conclusions of law made by the court at that hearing are not binding at the trial on the merits. It follows necessarily that any expression on the merits of the case by an appellate court reviewing an order granting or denying a preliminary injunction, where review is based on a record made at a less-than-full hearing, will not be binding at trial on the merits.

(Internal citations and footnotes omitted). <u>See also</u> <u>Klak v. Eagles' Reserve Homeowners' Ass'n, Inc.</u>, 862 So. 2d 947 (Fla. 2d DCA 2004); <u>Belair v. City of Treasure Island</u>, 611 So. 2d 1285, 1289 (Fla. 2d DCA 1992) (holding: "The fact that this court affirmed the trial court's previous order granting a temporary injunction does not prohibit an appeal on the order granting a permanent injunction involving the same facts").