# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1430
Lower Tribunal No. 21-14000
_____

## Blue Condominium Association, Inc.,
Appellant,

vs.

## Blue Grouper Ventures, LLC,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Cole, Scott & Kissane, P.A., and Jennifer V. Ruiz and Francesca M. Stein, for appellant.

Mark Migdal & Hayden and Jose M. Ferrer and Desirée Fernandez, for appellee.

Before EMAS, GORDO and LOBREE, JJ.

LOBREE, J.

Blue Condominium Association, Inc. (the "Association") appeals a final

judgment awarding Blue Grouper Ventures, LLC ("Blue Grouper") $1,040,483.61 plus prejudgment interest and entering a permanent injunction. We write solely to address the award of prejudgment interest and the permanent injunction and affirm on all other issues.

**BACKGROUND**

In 2006, Blue Grouper purchased three residential/commercial units ("Units") and fourteen parking spaces from the developer of the Blue Condominium. The parties entered a purchase agreement (the "Purchase Agreement"). The Association was subject to the Declaration of Condominium (the "Declaration"). For the next six years, Blue Grouper made no attempt to develop the Units or tie into utilities in the building.

In 2012, Blue Grouper notified the Association it intended to begin construction of the Units and asserted that pursuant to the Declaration, the Association was required to provide Blue Grouper access to utilities. On November 11, 2014, the Association received a Condensing Water Study which indicated the Association's system was insufficient to connect Blue Grouper's utilities. Blue Grouper and the Association then attempted to determine their respective rights and responsibilities under the Purchase Agreement and Declaration until 2021.

2

In June 2021, Blue Grouper filed suit against the Association contending, in relevant part, that the Association breached the Declaration by refusing to allow Blue Grouper to add adjacent common elements or use common areas, parking and storage spaces, and by using Blue Grouper's parking and storage spaces without consent. Blue Grouper additionally raised a claim for injunctive relief to prevent the Association from continuing to use Blue Grouper's parking spaces and storage space without consent. The Association answered and raised affirmative defenses.

Shortly thereafter, Blue Grouper moved for an emergency temporary injunction preventing the Association from dumping construction debris into its Units and using its parking spaces and storage space without consent. Rather than proceed to a hearing, the parties agreed to entry of an order (the "Agreed Order") which stated the Association would rope off Blue Grouper's parking spaces and only allow its guests to utilize the spaces and cease dumping debris into Blue Grouper's Units.

The matter proceeded to a four-day jury trial in early April 2023. On April 6, 2023, the jury entered a verdict in favor of Blue Grouper, finding the Association had breached the Declaration by failing to provide Blue Grouper with access to utilities, and awarded Blue Grouper $1,040,482.61. The jury

3

verdict additionally found the Association had trespassed by using Blue Grouper's parking spaces and storage space and awarded $1 in damages.

Blue Grouper then moved for entry of final judgment in its favor for the sum of the verdict plus prejudgment interest from the date Blue Grouper purchased its Units in 2006 and for a permanent injunction preventing the Association from using Blue Grouper's Units, parking spaces, or storage space without consent. The Association filed a partial objection to the motion. The trial court heard argument on the motion and entered final judgment in favor of Blue Grouper finding: (1) Blue Grouper was entitled to an award of the $1,040,483.61 plus prejudgment interest from November 11, 2014; and (2) the Association was permanently enjoined from using Blue Grouper's Units, parking spaces, and storage space without consent. This appeal followed.

## ANALYSIS

"A trial court's decision concerning entitlement to prejudgment interest is reviewed *de novo*." Albanese Popkin Hughes Cove, Inc. v. Scharlin, 141 So. 3d 743, 746 (Fla. 3d DCA 2014). "We review the trial court's imposition of a permanent injunction for abuse of discretion. 'But the question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law' subject to the de novo standard." Residences at Bath Club

4

Condo. Ass'n v. Bath Club Ent., LLC, 355 So. 3d 990, 998 (Fla. 3d DCA 2023) (quoting Krapacs v. Bacchus, 301 So. 3d 976, 978 (Fla. 4th DCA 2020)). On appeal, the Association argues the trial court erred by awarding Blue Grouper prejudgment interest from November 11, 2014, and by granting the permanent injunction. We agree.

## I.  Prejudgment Interest

Pursuant to Florida law, "[t]here are two prerequisites to the award of prejudgment interest as damages: (1) Out-of-pocket pecuniary loss, and (2) a fixed date of loss." Scharlin, 141 So. 3d at 747 (quoting Underhill Fancy Veal, Inc. v. Padot, 677 So. 2d 1378, 1380 (Fla. 1st DCA 1996)). Here, we find Blue Grouper fails to meet the second prerequisite because there is no fixed date of loss.

The trial court concluded November 11, 2014, was the fixed date of loss because it is when the parties discovered the building's system was insufficient to connect Blue Grouper's utilities. However, there is no evidence demonstrating Blue Grouper suffered a pecuniary loss on that date. Even if this was the date it was discovered the Association's building system could not support Blue Grouper's utilities, Blue Grouper did not attempt to install utilities or spend any funds to upgrade the system. Rather, the Units

remained unused, and the parties continued to negotiate regarding the utilities system in the building until this lawsuit was filed.

Under Florida law, "[d]amages can become fixed on different dates for purposes of an award of prejudgment interest." Capitol Env't Servs., Inc. v. Earth Tech, Inc., 25 So. 3d 593, 597 (Fla. 1st DCA 2009). When "it simply cannot be determined from the record *when* the particular pecuniary losses awarded by the jury occurred[,]" the only date that liquidates a party's claim for prejudgment interest purposes is "the date the jury rendered its verdict." Scharlin, 141 So. 3d at 747. Accordingly, as there was no fixed date of loss, the trial court erred in awarding Blue Grouper prejudgment interest from November 11, 2014. Rather, the trial court should have awarded prejudgment interest from the date of the jury's verdict.

## II.    Permanent Injunction

"To obtain a permanent injunction, the petitioner must 'establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief.'" Liberty Couns. v. Florida Bar Bd. of Governors, 12 So. 3d 183, 186 n.7 (Fla. 2009) (quoting K.W. Brown & Co. v. McCutchen, 819 So. 2d 977, 979 (Fla. 4th DCA 2002)). Blue Grouper asserts the permanent injunction is proper because it merely memorializes the parties' prior agreement in the Agreed Order to the entry of a temporary injunction

providing the same relief.  However, the existence of a temporary injunction does not automatically support the imposition of a permanent one.

Under Florida law, "[t]he purpose of a temporary injunction is to preserve the status quo until a final hearing when full relief may be granted." Ladner v. Plaza Del Prado Condo. Ass'n, 423 So. 2d 927, 929 (Fla. 3d DCA 1982) (footnote omitted).  But this does not mean a party is unable to challenge the merits of a permanent injunction, even when the facts are the same as when a temporary injunction was imposed.  See Belair v. City of Treasure Island, 611 So. 2d 1285, 1289 (Fla. 2d DCA 1992) ("The fact that this court affirmed the trial court's previous order granting a temporary injunction does not prohibit an appeal on the order granting a permanent injunction involving the same facts."); see also Gonzalez-Barrera v. Majorca Towers Condo., Inc., 272 So. 3d 424, 425 n.1 (Fla. 3d DCA 2019).

Here, we find there is a significant issue with the "evidence" supporting the permanent injunction: none of the acts complained of in the motion for temporary injunction have occurred since the Agreed Order.  "Florida adheres to the rule that 'an injunction will not be granted where it appears that the acts complained of have already been committed and there is no showing by the pleadings and proof that there is a reasonably well-grounded probability that such course of conduct will continue in the future.'"  Daniels

7

v. Bryson, 548 So. 2d 679, 681 (Fla. 3d DCA 1989) (quoting City of Jacksonville v. Wilson, 27 So. 2d 108, 111 (1946)). Here, Blue Grouper fails to provide any evidence to support a fear that the Association's trespass will reoccur and even the jury's verdict specifically found that the trespass only occurred before February 11, 2016, well before the temporary injunction was sought. Accordingly, we find the trial court erred in granting the permanent injunction.

Affirmed in part, reversed in part.